### JOSEPH ROWE *vs.* LOT EDMANDS & others.

The selectmen of a town are not liable to the penalty provided by *St.* 1855, *c.* 215, § 5, for a failure to appoint an agent for the sale of spirituous and intoxicating liquors, if they have appointed one of their own number as such agent, and entered the appointment upon their records, and he has accepted the same, although they fixed no salary for his services, and made no regulations respecting the sale, and the town-clerk, who knew the facts, made no entry of the appointment upon the town records, and the agent gave no bond and never discharged the duties of the office.

TORT against the selectmen of Saugus, a town containing over one thousand inhabitants, to recover the penalty of $100, alleged to have been forfeited by reason of their failure to make a legal appointment of an agent for the sale of spirituous and intoxicating liquors, under *St.* 1855, *c.* 215, § 5.

At the trial in the superior court, it appeared that the chairman of the selectmen was also the town-clerk, and the records of the selectmen contained an entry of the appointment of Salmon Snow, one of their own number, as agent for the sale of spirituous liquors for the ensuing year, but no entry of it was made in the town records. Snow, who was a farmer, and not engaged in trade, accepted the appointment, and was told to give a bond in compliance with the statute, but did not do so, and nothing further was done in the matter, and no other appointment made. The plaintiff offered to prove that no liquor was purchased by the town or Snow, and that the defendants fixed no salary for Snow's services as agent, and made no regulations respecting the sale, and the town-clerk made no return to the county commissioners, and no further act was done by any of the parties in the matter; and contended that he was

entitled to submit to the jury the question whether the defendants had acted in good faith, or had intended to evade the law, and make no legal or valid appointment. But *Allen,* C. J. ruled that the action could not be maintained, and the jury returned a verdict for the defendants, and the case was reported to this court.

*W. C. Endicott,* for the plaintiff.

*S. B. Ives, Jr.* for the defendants.

DEWEY, J. We perceive no reason for setting aside the verdict for the defendants.

1. It was competent for the selectmen to appoint one of their own board a liquor agent for the town, under the provisions of *St.* 1855, *c.* 215, there being no disqualifying clause in the statute.

2. The selectmen are not liable for the forfeiture sought to be recovered in the present action, by reason of the omission of the town-clerk to enter the appointment upon the town records, if the selectmen actually made an appointment, and entered the same upon their own records, and the town-clerk was informed of the fact.

3. Although the person thus appointed, having accepted the appointment, afterwards failed to give a bond as required by the statute, and the matter thus remained without any further proceeding, the selectmen ought not to be charged with the penalty for that cause.

4. It was not the duty of the court, upon the facts proved, to submit to the jury the question whether the defendants acted in good faith, and whether they had intended to evade the law purposely and by concert. It is sufficient for the defence of the present case, that they have in fact made an appointment in conformity to the statute.        *Judgment on the verdict.*